UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Edward R. Henkin,

       Plaintiff,      CV: 16-5452

v.

Gibraltar Private Bank & Trust Company

       Defendant(s).
-----------------------------------------------------------X

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. This action for declaratory, actual, statutory and punitive damages is based on Defendants' violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681s-2(b); and for attorneys' fees, litigation expenses and costs.

### PARTIES

2. Plaintiff, Edward R. Henkin, is natural person who resides in the Village of East Hampton, County of Suffolk, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Defendant, Gibraltar Private Bank & Trust Company (hereafter referred to as "Defendant" or Gibraltar"), is a furnisher of credit information as that term is used in the FCRA, maintains it headquarters at 220 Alhambra Circle 5th Floor, Coral Gables, Florida 33134 and is upon information and belief a foreign corporation duly authorized and qualified to do business in the State of New York and also having a branch location in New York located at 280 Park Avenue, 29th Floor East, New York, New York 10017.

## JURISDICTION AND VENUE

4. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331.

5. Venue is proper in this Court because a substantial part of the claim arose in New York, as Plaintiff and Defendants "reside" in New York, as that term is used in 28 U.S.C. § 1391.

## COMMON FACTUAL ALLEGATIONS

6. Plaintiff, Edward R. Henkin, obtained a second lien loan from Gibraltar Private Bank & Trust Company (hereinafter the "Loan") on December 6, 2007 bearing loan #29001277 which was recorded on February 19, 2008 in official records book 26220 at Page 4849 of the Public Records of Miami-Dade County Florida.

7. The loan, as evidenced by the Satisfaction of Mortgage, which is annexed hereto as Exhibit "A", was paid in accordance with an agreement between Plaintiff and Defendant on May 29, 2013 and recorded June 4, 2013.

8. Despite the loan having been satisfied and recorded making the record a public record which was easily obtainable by defendant, the defendant continued to report the mortgage as delinquent on the plaintiff's credit report and was reporting new delinquencies as recently as January 1, 2015 thus re-aging the negative reporting despite the loan having clearly been satisfied nearly two years prior to the date of the credit reports. See Exhibit "B" please find credit reports demonstrating that Experian and Trans Union were reporting and continued to report the negative reporting for the loan which even cursory investigation would reveal was incorrect.

9. On October 1, 2014 a letter was sent to Defendant as well as the three major credit bureaus disputing the manner in which the loan was being reported including documentary proof that the loan had been paid and accorded full satisfaction. A copy of the letter is annexed hereto as Exhibit "C".

10. On information and belief, Plaintiff alleges that one or more of the three major credit bureaus provided notice of Plaintiff's dispute to Defendant. Despite having been put on notice that the loan was satisfied in full with proof of same (and the fact that defendant prepared the satisfaction of the debt), the defendant continued to report to the credit bureaus that the loan was delinquent when asked by the credit bureaus to verify the debt, which the bank willfully, negligently and incorrectly verified in a manner which was negatively affecting the Plaintiff's ability to obtain credit.

11. Defendant willfully and negligently failed to comply with its duties under the FCRA to conduct a reasonable investigation of Plaintiff's dispute, and update the information it reported with complete and accurate information, the incorrect information despite having actual knowledge of the debt having been satisfied two years prior when defendant prepared and signed a satisfaction of mortgage which it marked paid in full satisfaction, and did not correct the negative reporting within the thirty (30) day statutory time afforded by the FCRA.

12. Defendant, by verifying the debt to the credit reporting agencies knowingly provided false information to the credit reporting agencies.

13. As a result of Defendant's violations of both the FCRA plaintiff was denied credit. (See denial letter annexed hereto as Exhibit "E", which specifies the reason for the denial is due to Defendant's inaccurate reporting of delinquencies and other negative

credit reporting which would not have been reported had defendants conducted a reasonable investigation into Plaintiff's disputes.

14. As a result of the negative reports, plaintiff was unable to obtain a conventional mortgage for a property that is owned by Plaintiff's limited liability company which he owns 50/50 with his wife and a result of defendant's negligence was forced to sell his family home.

15. The property, known as 256 Town Lane, Amagansett, New York Section 149.00, Block 04.00, Lot 013.003, was mortgaged for seven hundred fifty thousand ($750,000.00) dollars and bearing an interest rate of twelve (12%) percent per annum until June 1, 2015 when it was increased to thirteen and one half (13.5%) percent. The rate after paying for an additional one (1) year extension was sixteen (16%) percent.

16. Plaintiff attempted to refinance the property in December of 2014 to obtain a conventional loan with an interest rate at the time of approximately six (6.0%) percent.

17. As a result of Defendant's willful and negligent failure to comply with its duties under the FCRA, plaintiff was unable to obtain a loan.

18. As a result of Plaintiff's denial, plaintiff had paid seven thousand five hundred ($7,500.00) dollars per month in unnecessary and unusually high interest payments from December of 2014 until June 2015 and an additional eight thousand four hundred and thirty-seven ($8,437.50) dollars and fifty cents from June 2015 until December 2015 and finally ten thousand ($10,000.00) per month from December 2015 until April 2016 when he was forced to sell his family home on April 11, 2016.

19. As a result of defendants willful and negligent reporting, Plaintiff has suffered actual damages of two hundred sixty-nine thousand seven hundred fifty-three ($269,753.00) dollars and continuing in unnecessary interest payments.

20. As a result of Defendant's actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, including but not limited to cost for retaining credit repair, monthly credit monitoring, multiple credit reports, liquidation of assets due to credit denial, requiring co signor due to credit denial, detriment to his credit rating and emotional distress from embarrassment and humiliation and hypertension as a result of defendant's actions.

## FIRST CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681n)

22. Plaintiff re-alleges paragraphs 1- 21 as if fully set forth herein.

23. Gibraltar willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to failing to comply with the duties of furnishers of furnishers of credit information as set forth in 15 U.S.C. § 1681s-2(b), as described above.

24. As a result of Gibraltar's violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages at set forth above, including but not limited to economic damages, and noneconomic damages including but not limited to denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

25. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

26. Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined by the Court.

27. Plaintiff is entitled to reasonable attorney fees, pursuant to 15 U.S.C. § 1681n(a).

## SECOND CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681o)

(FCRA - 15 U.S.C. § 1681n)

28. Plaintiff re-alleges paragraphs 1- 27 as if fully set forth herein.

29. Gibraltar negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to failing to comply with the duties of furnishers of furnishers of credit information as set forth in 15 U.S.C. § 1681s-2(b), as described above.

30. As a result of Gibraltar's violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages at set forth above, including but not limited to economic damages, and noneconomic damages including but not limited to denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

31. Plaintiff is entitled to reasonable attorney fees, pursuant to 15 U.S.C. § 1681o(a).

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## **WHEREFORE,**

Plaintiff prays that judgment be entered against the Defendant for:

1. On Count One against defendant Gibraltar:

    a) Actual Damages;

    b) Punitive damages;

    c) Attorney fees and costs;

2. On Count Two against defendant Gibraltar:

    a) Actual Damages;

    b) Attorney fees and costs;

3. Such other and further relief as may be just and proper.

Dated this 29th day of September, 2016.

Respectfully submitted,

/s/ Darren Aronow
_____

Darren Aronow, Esq.
Attorney for Plaintiff
The Law Office of Darren Aronow, PC
8B Commercial Street, Suite 1
Hicksville, NY 11801
516-663-0970 phone
516-303-0066 fax
Darren@dalawpc.com

## VERIFICATION OF COMPLAINT
## AND CERTIFICATION BY PLAINTIFF

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss |
| COUNTY OF SUFFOLK | ) |

I, Edward R. Henkin, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I am bringing this civil Complaint in good faith and solely for the purposes set forth in it.

/s/ Edward R. Henkin

Subscribed and sworn to before me

this 29th day of September, 2016.

/s/ Darren Aronow, LIC#01ar6022417

Notary Public